**THOMAS SCHUSTER, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 13-93

September 2, 1993

Before RICHMOND, Associate Justice.

Counsel: For Appellant, Steven H. Watson
For Appellee, Donald M. Sheehan, Assistant Attorney General

Order Remanding Appellant's Motions to Permit Counsel's Withdrawal, Declare Appellant Indigent, and Appoint Counsel on Appeal for Determination in the Trial Division Pursuant to A.C.R. Rule 24(a):

Appellant's motions to permit his counsel's withdrawal from further representation in this criminal action, to declare appellant indigent, and to provide appellant with court-appointed counsel for this appeal came regularly for hearing on September 1, 1993. Appellant appeared in person and by counsel. Appellee appeared by counsel.

After considering counsel's comments and the documents filed in connection with the motions, the court by bench order granted appellant's motions and directed preparation of the transcripts of the proceedings in the Trial Division.

However, appellant's motions are, in essence, a motion for leave to proceed on appeal *in forma pauperis*, which is governed by H.C.R Rule 24(a) and requires consideration of both financial inability and the issues on appeal. H.C.R. Rule 24(a) directs that a *forma pauperis* motion, for purposes of this action, shall in the first instance be filed in the Trial Division. Although a notice of appeal was simultaneously filed with appellant's motions, H.C.R. Rule 24(a), when read as a whole, clearly contemplates that the Trial Division, with first-hand knowledge, should first address the propriety of *forma pauperis* proceedings on appeal, logically before the appeal is initiated, but it does not absolutely preclude consideration of this issue by the Trial Division after a notice of appeal has been filed.

Accordingly, upon reconsideration, this court's bench order is set aside, and appellant's motions are remanded to the Trial Division for initial consideration and determination as a motion for leave to proceed on appeal *in forma pauperis*.

Counsel's attention is directed to the requirement in H.C.R. Rule 24(a) for an accompanying affidavit, "in the detail prescribed by Form 4 of the Appendix of Forms. to the Federal Rules of Appellate Procedure," setting forth appellant's financial inability, his belief in redress, and the issues on appeal.

It is so ordered.